IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLOBAL TOWER, LLC and GTP INFRASTRUCTURE I, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GREAT WESTERN COMMUNICATIONS, LLC; KENNETH D. ANDERSON, LLC; JRS ASSOCIATES, LLC; PINPOINT COMMUNICATIONS, INC.; PINPOINT NETWORK SOLUTIONS, LLC, CHRISTOPHER J. JENSEN, LLC; and TRI-COM, LLC,<br><br>　　　　　Defendants. | Case No. 8:14-cv-269<br><br><br><br><br><br>**SECOND AMENDED COMPLAINT**<br>**(JURY DEMAND)** |

　　　　Plaintiffs, Global Tower, LLC ("Global Tower") and GTP Infrastructure I, LLC ("GTP") (collectively "Plaintiffs"), by way of Second Amended Complaint against the Defendants, Great Western Communications, LLC ("Great Western"), Kenneth D. Anderson, LLC ("Anderson"), JRS Associates, LLC ("JRS"), Pinpoint Communications, Inc. ("Pinpoint Communications"), Pinpoint Network Solutions, LLC ("Pinpoint Network"), Christopher J. Jensen, LLC ("Jensen"), and Tri-Com, LLC ("Tri-Com") (collectively "Defendants") state and allege as follows:

### THE PARTIES

　　　　1.　　Global Tower is a limited liability company organized under the laws of the State of Delaware having its principal place of business located at 116 Huntington Avenue Boston, Massachusetts 02116.

　　　　2.　　GTP is a limited liability company organized under the laws of the State of Delaware having its principal place of business located at 116 Huntington Avenue Boston, Massachusetts 02116.

3. Upon information and belief, Great Western is a limited liability company organized under the laws of the State of Illinois having its principal place of business located at 611 Patterson Street, Cambridge, Nebraska 69011.

4. Upon information and belief, Anderson is a limited liability company organized under the laws of the State of Illinois having its principal place of business located at 455 N. City Front Plaza, #2755, Chicago, Illinois 60611.

5. Upon information and belief, JRS is a limited liability company organized under the laws of the State of Nebraska having its principal place of business located at 72184 Cross Creek Road, Cambridge, Nebraska 69022.

6. Upon information and belief, Pinpoint Communications is a limited liability company organized under the laws of the State of Nebraska having its principal place of business located at 613 Patterson Street, P.O. Box 490, Cambridge, Nebraska 69022.

7. Upon information and belief, Pinpoint Network is a limited liability company organized under the laws of the State of Nebraska having its principal place of business located at 611 Patterson Street, Cambridge, Nebraska 69022.

8. Upon information and belief, Jensen is a limited liability company organized under the laws of the State of Illinois having its principal place of business located at 875 N. Michigan Avenue, Suite 3100, Chicago, Illinois 60611.

9. Upon information and belief, Tri-Com is a limited liability company organized under the laws of the State of Illinois having its principal place of business located at 111 East First Street, P.O. Box 330, Geneseo, Illinois 61254.

**JURISDICTION AND VENUE**

10. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 because this civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL COUNTS**

11. Plaintiffs are in the business of owning and operating communications sites for the wireless and broadcast industries.

12. Upon information and belief, Great Western provides wholesale telecommunications transport services in the greater Western sections of the United States.

13. On December 17 2010, Global Tower and Great Western entered into a Master Lease Agreement ("MLA"), which defines the general terms and conditions governing their relationship with respect to particular sites at which Great Western leases, licenses, subleases, or sublicenses certain space for the installation and operation of its wireless communications facilities.

14. The MLA contemplates the parties entering into site license agreements for particular sites or locations.

15. The MLA has a term of twenty-five (25) years and provides that the initial term for each individual site license agreement shall be ten (10) years, with three (3) five (5) year extensions.

16. Pursuant to the MLA, the parties entered into numerous agreements to license space on Plaintiffs' wireless communications towers and structures to Defendant for the annual base fees set forth therein, in addition to other consideration.

17. The sites made subject of this action are designated by the following site numbers and names:

| Site Number | Site Name | Site Number | Site Name |
|---|---|---|---|
| 370571 | HORSE CREEK 1 | 373073 | LINCOLN |
| 370572 | EAGLE POINT CO | 373076 | ANGORA (1) |
| 370574 | FORT MORGAN CO | 373077 | ANGORA (2) |
| 370575 | JULESBURG 1 | 373078 | BEAVER CROSSING |
| 370576 | JULESBURG 2 | 374211 | LONE WELL |
| 370577 | AKRON CO | 370573 | TAMARACK RANCH |
| 370581 | HORSE CREEK 2 | 375334 | COPPER MOUNTAIN WY |
| 372838 | RED LODGE MT | 370998 | KINPORT |
| 372840 | BIG TIMBER MT | 370999 | EAST BUTTE |
| 374991 | BOTHWELL | 371000 | HARRISON MOUNTAIN |
| 374992 | SNOWVILLE JCT. | 371001 | CURLEW (1) |
| 374993 | WHITE PARK (SLC) - 1 | 371002 | CURLEW - 2 |
| 374994 | WHITE PARK (SLC) - 2 | 372837 | RAPIDS MT |
| 375338 | CEDAR MOUNTAIN #1 | 372839 | BALDY MTN - DUCK CREEK |
| 375339 | CEDAR MOUNTAIN #2 | 375335 | BADWATER |
| 373065 | BEREA CREEK | 375337 | HORSE HEAVEN - 2 JCT |
| 373066 | DALTON NE | 375340 | TETON PASS |
| 373067 | SIDNEY NE | 375341 | BUCK BUTTE |
| 373068 | SUTTON NE | 373069 | MANCHESTER NE |
| 373070 | ELWOOD NE | 373071 | ROSEDALE NE |
| 373072 | OGALLALA | 373075 | NORTH PLATTE NE |
| 373074 | CURTIS | 375336 | GOOSE EGG |

18. The MLA defines a default as, among other things, the failure to pay rent when due.

19. In the event of an uncured default, Global Tower has the express right under paragraph 22(c)(i) of the MLA to, among others, declare immediately due and payable all rent and other charges, payments, costs and expenses due at the time of the default plus the rent reserved for the then entire unexpired balance of the term of the site license agreement plus all other charges, payments, costs and expenses up to the end of the term.

20. The MLA was secured by a Guaranty dated September 10, 2010 ("Guaranty"), executed by and between GTP and each member of Great Western, namely, Anderson, JRS, Pinpoint Communications, Pinpoint Network, Jensen, and Tri-Com (collectively, "Guarantors").

21. Paragraph 1 of the Guaranty provides:

> Each Guarantor, severally, hereby unconditionally, absolutely and irrevocably guarantees, and becomes surety, as though it were a primary obligor for, the full and timely payment and performance of any and all liabilities and obligations of [Great Western] for the initial seven (7) years of the Initial Term under the Master Lease and the SLAs. Each Guarantor's liability hereunder shall be in proportion to such Guarantor's percentage ownership interest of [Great Western] as set forth on Exhibit A.

22. Pursuant to Exhibit A to the Guaranty, the Guarantors' respective percentage ownership interests are as follows: Anderson – 25%; JRS – 10%; Pinpoint Communications – 25%; Pinpoint Network – 10%; Jensen – 5%; and Tri-Com – 25%.

23. The Guaranty further provides that upon default, Plaintiffs may pursue any and all legal measures to collect the unpaid amount due, and all such measures pursued by Plaintiffs to collect such unpaid balance shall be reimbursed to Plaintiffs by each guarantor.

24. Plaintiffs performed in good faith all of their obligations under the parties' agreements.

25. However, Defendants have defaulted in their obligations under the parties' contracts by failing to make payments due and owing thereunder.

26. Plaintiffs provided written notice to Defendants of their default in accordance with the terms of the MLA.

27. Despite repeated demands for payment, Defendants have inexplicably and willfully refused to make full payment to Plaintiffs. To date, there remains due and owing to

Plaintiffs from Great Western the sum of $3,652,378.92 and from the Guarantors the sum of $2,297,241.80, which damages continue to accrue.

## FIRST COUNT
### (Breach of Contract)

28. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth herein at length.

29. Plaintiffs performed all of their obligations under the valid, binding and enforceable agreements between the parties.

30. However, Defendants breached their respective obligations under the agreements by failing to make payments due and owing thereunder.

31. Plaintiffs notified Defendants of their breach of contract, but Defendants have failed and refused to remedy said breach.

32. As a result, there is due and owing to Plaintiffs from Great Western the sum of $3,652,378.92, and from the Guarantors the sum of $2,297,241.80, which damages continue to accrue.

## SECOND COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth herein at length.

34. Implied in every contract is the covenant of good faith and fair dealing.

35. Defendants unlawfully and in bad faith destroyed Plaintiffs' economic expectations under the parties' agreements by willfully failing and refusing to make payment thereunder to Plaintiffs.

## THIRD COUNT
### (Unjust Enrichment)

36. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth herein at length.

37. Defendants, by failing and refusing to pay the monies due and owing to Plaintiffs while conducting their business operations from the sites, have been unjustly enriched to Plaintiffs' detriment.

## FOURTH COUNT
### (Promissory Estoppel)

38. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if set forth herein at length.

39. In entering into the agreements, Defendants promised and agreed to make payment of all amounts due and owing thereunder.

40. Based upon and in reliance upon Defendants' promises in that regard, Plaintiffs entered into the agreements and performed all of their obligations thereunder.

41. Despite Defendants' promise to pay the full agreed-upon consideration under the agreements, they have failed and/or refused to make full payment to Plaintiffs.

42. As a result, there is due and owing to Plaintiffs from Great Western the sum of $3,652,378.92 and from the Guarantors the sum of $2,297,241.80, which damages continue to accrue.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, consequential damages, attorney's fees, costs, disbursements, interest and such further relief as the Court may deem just and equitable, the exact amount to be proved at trial.

Plaintiffs demand a jury trial in Omaha, Nebraska.

4812-5679-9774.2

GLOBAL TOWER, LLC AND GTP
INFRASTRUCTURE I, LLC, Plaintiffs


By: /s/ Matthew M. Enenbach
    Matthew M. Enenbach #22891
    Kutak Rock LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, NE  68102-2186
    (402) 346-6000
    Matthew.Enenbach@kutakrock.com

    and

    William N. Aumenta, *pro hac vice*
    McElroy Deutsch Mulvaney & Carpenter LLP
    1300 Mt. Kemble Avenue
    P.O. Box 2075
    Morristown, NJ  07962-2075
    (973) 425-4172
    waumenta@mdmc-law.com