IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLOBAL TOWER, LLC and GTP INFRASTRUCTURE I, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT WESTERN COMMUNICATIONS, LLC; KENNETH D. ANDERSON, LLC; JRS ASSOCIATES, LLC; PINPOINT COMMUNICATIONS, INC.; PINPOINT NETWORK SOLUTIONS, LLC; CHRISTOPHER J. JENSEN, LLC; and TRI-COM, LLC,<br><br>Defendants. | Case No. 8:14-cv-269<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND** |

COME NOW Defendants Great Western Communications, LLC; Kenneth D. Anderson, LLC; JRS Associates, LLC; Pinpoint Communications, Inc.; Pinpoint Network Solutions, LLC; Christopher J. Jensen, LLC; and Tri-Com, LLC (collectively, "Defendants") and for their Answer to the Second Amended Complaint filed by Plaintiffs Global Tower, LLC and GTP Infrastructure I, LLC (collectively, "Plaintiffs"), admit and deny as follows:

**THE PARTIES**

1. Upon information and belief, Defendants admit the allegations in ¶1.

2. Upon information and belief, Defendants admit the allegations in ¶2.

3. Defendants admit the allegations in ¶3.

4. Defendants admit the allegations in ¶4.

5. Defendants admit the allegations in ¶5.

6. Defendants admit the allegations in ¶6.

7. Defendants admit the allegations in ¶7.

8. Defendants admit the allegations in ¶8.

9. Defendants admit the allegations in ¶9.

## JURISDICTION AND VENUE

10. Paragraph 10 states legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny the allegations in ¶10.

## FACTS COMMON TO ALL COUNTS

11. Upon information and belief, Defendants admit the allegations in ¶11.

12. Defendants deny the allegations in ¶12 because it is unclear what is meant by the phrase "greater Western sections of the United States." However, Defendants generally admit that Defendant Great Western provided wholesale telecommunications transport services in various sections of the United States.

13. Defendants admit that Plaintiff Global Tower and Defendant Great Western entered into a Master Lease Agreement ("MLA") dated December 17, 2010. Defendants deny ¶13 to the extent that Plaintiffs' description of the MLA is inconsistent with the express terms of the MLA. The MLA will speak for itself.

14. Defendants deny ¶14 to the extent it is inconsistent with the express terms of the MLA. The MLA will speak for itself.

15. Defendants deny ¶15 to the extent it is inconsistent with the express terms of the MLA. The MLA will speak for itself.

16. Defendants deny ¶16 because it is unclear what is meant by the phrase "numerous agreements" and it is unclear which Defendant is referred to therein. Defendants further deny ¶16 to the extent that it is inconsistent with the express terms of the "agreements" referenced therein. Any such agreements will speak for themselves. However, Defendants generally admit that Plaintiffs and Defendants Great Western Communications and Pinpoint Communications,

Inc. entered into agreements regarding the use of space on certain wireless communications towers and structures owned by Plaintiffs.

17. Paragraph 17 states a legal conclusion to which no answer is required. To the extent that an answer is required, Defendants deny ¶17.

18. Defendants deny ¶18 to the extent it is inconsistent with the express terms of the MLA. The MLA will speak for itself.

19. Defendants deny ¶19 to the extent it is inconsistent with the express terms of the MLA. The MLA will speak for itself.

20. Defendants admit ¶20.

21. Defendants deny ¶21 to the extent it is inconsistent with the express terms of the Guaranty. The Guaranty will speak for itself.

22. Defendants deny ¶22 to the extent it is inconsistent with the express terms of Exhibit A to the Guaranty. The Guaranty will speak for itself.

23. Defendants deny ¶23 to the extent it is inconsistent with the express terms of the Guaranty. The Guaranty will speak for itself.

24. Defendants lack information sufficient to form a belief as to the truth of the allegations in ¶24 and therefore deny same.

25. Paragraph 25 states a legal conclusion to which no answer is required. To the extent that an answer is required, Defendants deny ¶25.

26. Defendants admit that Plaintiffs provided written notice to Defendants regarding an alleged default. The remainder of ¶26 states a legal conclusion to which no answer is required. To the extent that an answer is required, Defendants deny the remaining allegations in ¶26.

27. Defendants deny the allegations in ¶27.

## FIRST COUNT
## BREACH OF CONTRACT

28. Defendants restate and reincorporate Defendants' responses to ¶¶1-27 as if fully set forth herein.

29. Defendants deny the allegations in ¶29.

30. Defendants deny the allegations in ¶30.

31. Defendants deny the allegations in ¶31.

32. Defendants deny the allegations in ¶32.

## SECOND COUNT
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. Defendants restate and reincorporate Defendants' responses to ¶¶1-32 as if fully set forth herein.

34. Paragraph 34 states a legal conclusion to which no answer is required. To the extent that an answer is required, Defendants deny the allegations in ¶34.

35. Defendants deny the allegations in ¶35.

## THIRD COUNT
## UNJUST ENRICHMENT

36. Defendants restate and reincorporate Defendants' responses to ¶¶1-35 as if fully set forth herein.

37. Defendants deny the allegations in ¶37.

## FOURTH COUNT
## PROMISSORY ESTOPPEL

38. Defendants restate and reincorporate Defendants' responses to ¶1-38 as if fully set forth herein.

39. Defendants deny the allegations in ¶39, because it is unclear what "agreements" are referenced in ¶39. Defendants also deny the allegations in ¶39, to the extent ¶39 is inconsistent with the express terms of the agreements referenced therein.

40. Defendants deny the allegations in ¶40.

41. Defendants deny the allegations in ¶41.

42. Defendants deny the allegations in ¶42.

## DENIAL OF PLAINTIFFS' PRAYER FOR RELIEF

43. Defendant denies that Plaintiffs are entitled to the relief requested in Plaintiffs' prayer for relief.

## FIRST AFFIRMATIVE DEFENSE
## UNJUST ENRICHMENT BARRED BY WRITTEN CONTRACT

44. Plaintiffs' claim for unjust enrichment is barred by the terms of the parties' written agreements, to the extent such agreements exist.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE

45. Plaintiffs' claim is barred, in whole or in part, by Plaintiffs' failure to take reasonable efforts to mitigate Plaintiffs' alleged damages.

## THIRD AFFIRMATIVE DEFENSE
## CLAIM FOR RECOVERY OF AN
## UNENFORCEABLE CONTRACTUAL PENALTY BARRED

46. Plaintiff's claim is barred, in whole or in part, because Plaintiffs seek to recover an unenforceable contractual penalty.

## FOURTH AFFIRMATIVE DEFENSE
## ENTITLEMENT TO CREDIT OR OFFSET

47. In the event that Plaintiff secures a judgment for any portion of the damages claimed herein, Defendants are entitled to a credit or offset in the amount of all payments previously

made by Defendants pursuant to the agreements referenced in the Second Amended Complaint and in the amount of any alleged damages, costs or fees which are attributable to Plaintiff's failure to mitigate.

Defendants reserve the right to amend Defendants' Answer to Plaintiffs' Second Amended Complaint to include additional affirmative defenses that may become relevant through the course of discovery.

WHEREFORE, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, Defendants to recover their costs herein expended and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable, in Omaha Nebraska.

GREAT WESTERN COMMUNICATIONS, LLC; KENNETH D. ANDERSON, LLC; JRS ASSOCIATES, LLC; PINPOINT COMMUNICATIONS, INC.; PINPOINT NETWORK SOLUTIONS, LLC; CHRISTOPHER J. JENSEN, LLC AND TRI-COM, LLC, Defendants

By: /s/ Elizabeth A. Culhane
John M. Walker #23835
Elizabeth A. Culhane #23632
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000
jwalker@fraserstryker.com
eculhane@fraserstryker.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to counsel of record.

/s/ Elizabeth A. Culhane

1223902 v2